UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HYDRAFACIAL LLC,<br><br>                    Plaintiff,<br>       vs.<br><br>MEDICREATIONS LLC,<br><br>                    Defendant. | Case No.: 2:24-cv-00855-GMN-MDC<br><br>**ORDER GRANTING IN PART DEFENDANT'S<br>PARTIAL MOTION TO DISMISS** |

Pending before the Court is a Motion to Dismiss, (ECF No. 22), filed by Defendant Medicreations. Plaintiff Hydrafacial filed a Response, (ECF No. 23), to which Defendant filed a Reply, (ECF No. 24). For the reasons discussed below, the Court **GRANTS in part** the Partial Motion to Dismiss.

I.     **BACKGROUND**

This case arises out of Defendant's alleged infringement on Plaintiff's patents. (*See generally* First Am. Compl. ("FAC"), ECF No. 20). Plaintiff designs, manufactures, and sells skin resurfacing and rejuvenation systems, including microdermabrasion and hydradermabrasion systems. (*Id.* ¶¶ 8–9). Plaintiff has received several patents for its products, including the 12 at issue in this case, (the "Asserted Patents"). (*Id.* ¶¶ 10–23). The patents are divided into the "Ignon Patents," which include the ʼ052, ʼ089, ʼ641, ʼ642, ʼ477, and ʼ287 Patents, and the "Shadduck Patents," which include the ʼ591, ʼ120, ʼ886, ʼ716, ʼ513, and ʼ464 Patents. (*Id.* ¶¶ 22–23). The Shadduck Patents expired in August 2020, but Plaintiff alleges that Defendant's infringement occurred while those patents were still in effect. (*Id.* ¶ 22).

Defendant sources, advertises, and sells aesthetic medical devices, including devices that allegedly infringe on Plaintiff's patents. (*Id.* ¶¶ 24–37). Plaintiff alleges that Defendant had

actual knowledge of the Asserted Patents when it began making and selling the infringing products or else acted with willful blindness to its infringement. (*Id.* ¶¶ 38–43). On October 21, 2020, Plaintiff sent a letter to Defendant informing it of the ʼ052, ʼ089, ʼ641, and ʼ642 Patents, (collectively, "the Demand Letter Patents"), and Defendant's alleged infringement of them. (*Id.* ¶ 44). Plaintiff brings 12 claims, Counts I-XII, for infringement of the 12 Asserted Patents. (*Id.* ¶¶ 53–146). Defendant moves to dismiss Counts II-VII in their entirety and Counts I and VIII-XII in part, pursuant to Rule 12(b)(6). (*See generally* Mot. Dismiss, ECF No. 22).

## II. LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, the court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Pursuant to Rule 15(a), the court should

"freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. DISCUSSION

Defendant argues that Plaintiff had not pleaded compliance with the marking statute, actual notice of infringement, or willful and indirect infringement. (*See generally* Mot. Dismiss, ECF No. 22). The Court begins with Defendant's marking statute argument.

### A. Compliance with the Marking Statute, 35 U.S.C. § 287(a)

Defendant first moves to dismiss seven of Plaintiff's infringement claims for failure to allege proper marking. (*Id.* 10:16–20). It argues that the FAC does not allege any form of compliance with section 287(a) for the ʼ120 Patent, ʼ886 Patent, ʼ464 Patent, ʼ641 Patent, ʼ642 Patent, '477 Patent, or the ʼ287 Patent. (*Id.*). Section 287(a) limits a patentee's ability to recover damages for infringement, stating, in relevant part:

> Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented ... by fixing thereon the word "patent" .... In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

35 U.S.C. § 287(a). "The patentee bears the burden of pleading and proving he complied with § 287(a)'s marking requirement." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) (hereinafter "Arctic Cat I"). However, "[t]he notice provisions of § 287(a) do not apply to patents directed to processes or methods." *Arctic*

*Cat Inc. v. Bombardier Recreational Prods. Inc.*, 950 F.3d 860, 865 (Fed. Cir. 2020) (hereinafter "Arctic Cat II") (citing *Wine Ry. Appliance Co. v. Enter. Ry. Equip. Co.*, 297 U.S. 387, 395 (1936)).

Plaintiff responds that because the ʾ120, ʾ886, and ʾ464 Patents consist of only method claims, it need not allege that the products are marked with a patent to recover damages. (Resp. 8:13–16); (*see* FAC ¶¶ 71, 76, 93) (alleging that these patents are for methods).  The Court agrees with Plaintiff.  "The law is clear that the notice provisions of § 287 do not apply where the patent is directed to a process or method." *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1316 (Fed. Cir. 2009).  The marking statute does not apply to method claims because ordinarily, "there is nothing to mark." *American Medical Systems, Inc. v. Medical Engineering Corp.*, 6 F.3d 1523 (Fed. Cir. 1993).

Defendant acknowledges these precedential cases but argues that *Crown Packaging* does not address pleading requirements. (Reply 8:3–4).  Except for one unpublished case from a Delaware district court, Defendant does not identify persuasive or precedential authority holding that a Plaintiff must plead compliance with section 287(a), even if section 287(a) is inapplicable to its method claim. *See Express Mobile, Inc. v. Liquid Web, LLC*, 2019 WL 1496999, at *2 (D. Del. Apr. 15, 2019) (holding that a patentee must plead compliance with § 287(a) "even when compliance is achieved, factually, by doing nothing at all").  In more recent California district court cases, courts have rejected this argument. *See DivX, LLC v. Hulu, LLC*, No. LACV 21-1615 PSG (DFM), 2021 WL 4459368, at *4 (C.D. Cal. June 11, 2021); *GoTV Streaming, LLC v. Netflix, Inc.*, No. 2:22-cv-07556-RGK-SHK, 2023 WL 4239824, at *6 (C.D. Cal. May 24, 2023).  The Court finds these cases more persuasive and in line with the Federal Circuit's reasoning, and thus declines to dismiss Plaintiff's infringement claims relating to Patents ʾ120, ʾ886, and ʾ464 for failure to plead compliance with section 287(a).

As to the other four infringement claims, Plaintiff responds that it provided actual notice of infringement of the ʼ641 and ʼ642 patents on October 21, 2020, and seeks only damages for infringement occurring on or after that date. (Resp. 7:1 n.4); (*see* FAC ¶ 44). Later in Defendant's Motion to Dismiss, it acknowledges that "such an allegation may be sufficient to withstand dismissal of a claim for past damages" as to those patents. (Mot. Dismiss 12:5–6). Plaintiff also provided actual notice of infringement of the '477 and '287 Patents no later than May 20, 2024, and July 12, 2024, when the original Complaint and First Amended Complaint were filed. (*Id.* 13:18–27); (Resp. 7:1 n.4). And Plaintiff is only seeking damages for infringement occurring after those dates. (Resp. 7:1 n.4). If a patentee "fails to mark in accordance with § 287, the patentee cannot collect damages until it either begins providing notice or sues the alleged infringer—the ultimate form of notice—and then only for the period after notification or suit has occurred." *Arctic Cat II*, 950 F.3d at 864. The parties do not dispute that notice was provided as to the ʼ641 and ʼ642 Patents on October 21, 2020, and that notice as provided as to the ʼ477 and ʼ287 Patents as of May 20, 2024, and July 12, 2024. Thus, Defendant's dismissal arguments on these grounds are DENIED.

Defendant also argues that FAC's marking allegations for the other five patents are too conclusory and thus subject to dismissal. (Mot. Dismiss 10:21–11:19). Plaintiff alleges that it "marked its products" with the ʼ052 and ʼ089 Patents "for more than 6 years before the filing of the Complaint in this action." (FAC ¶¶ 57, 101). It also alleges that it "marked its products" with the ʼ591 Patent, (*id.* ¶ 66), ʼ716 Patent, (*id.* ¶ 82), and ʼ513 Patent, (*id.* ¶ 88). Paragraph 41 of the FAC further states that Plaintiff's website is marked on each of its HydraFacial systems, and that the website listed these five patents at least as early as June 2017. (*Id.* ¶ 41).

Defendant relies on two out-of-circuit district court cases for its dismissal argument. In those cases, the courts held that the plaintiff failed to adequately allege compliance when their pleadings stated only that they had complied with the marking requirements. *Blackbird Tech*

*LLC v. Argento SC By Sicura, Inc.*, No. 21CV11018 (DLC), 2022 WL 3701084, at *2 (S.D.N.Y. Aug. 26, 2022); *BelAir Elecs., Inc. v. Twelve S., LLC,* No. 2:22-CV-04443-BHH, 2023 WL 6388810, at *7 (D.S.C. Sept. 29, 2023). In *Blackbird*, the court noted that the FAC did not allege whether compliance occurred because the patent was never practiced, because it was actually marked when it entered into commerce, or because it gave the defendant notice. *Blackbird Tech.*, 2022 WL 3701085, at *2. And in *BelAir*, the court similarly explained that the complaint contained factual allegations to suggest that the patents were marked or that they did not apply. *BelAir Elecs.*, 2023 WL 6388810, at *7. But here, the Plaintiff affirmatively asserted that its products were *actually* marked. The Court DENIES Defendant's Motion to Dismiss based on Plaintiff's failure to comply with the marking statute.

### B. Willful, Induced, and Contributory Infringement

Next, Defendant argues that because Plaintiff's indirect and willful infringement claims require knowledge of a patent-in-suit, these claims should be dismissed entirely as to the Shadduck Patents and partially as to the Ignon patents. (Mot. Dismiss 17:3–22).

### 1. Shadduck Patents and Demand Letter Patents

The Court begins with Defendant's argument that the Court should dismiss Plaintiff's willful and indirect infringement claims for the Shadduck Patents and for the Demand Letter Patents for actions taken before the date of the letter, October 21, 2020. (Mot. Dismiss 14:4–17:15).[1] Defendant asserts that because these claims require knowledge of the patents, and because Plaintiff failed to allege facts supporting Defendant's knowledge prior to the expiration of the Shadduck patents and the 2020 demand letter, the claims should be dismissed under Rule 12. (*Id.* 17:3–15).

---

[1] As noted above in the Court's marking discussion, Plaintiff asserts in its Response that it "only seeks damages for infringement occurring on or after October 21, 2020," for the ʼ641 and ʼ642 Patents. (Resp. 7:1 n.4). These are two of the four Demand Letter Patents. Thus, for purposes of this section, the Court refers to the two remaining Demand Letter Patents for which Plaintiff seeks damages for infringement before the letter was sent.

"To establish willful patent infringement, the patent owner must prove knowledge of the patent and knowledge of infringement." *Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 643 (N.D. Cal. 2022). "Mere knowledge of a 'patent family' or the plaintiff's 'patent portfolio' is not enough." *Id.* "Knowledge of the asserted patent and evidence of infringement is necessary, but not sufficient, for a finding of willfulness. Rather, willfulness requires deliberate or intentional infringement." *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021).

Induced infringement and contributory infringement also "require[] knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015); *see also Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964) (contributory infringement); *Global–Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765 (2011) (induced infringement). "[W]illful blindness can satisfy the knowledge requirement for active inducement under § 271(b) and for contributory infringement under § 271(c)), even in the absence of actual knowledge." *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1347 (Fed. Cir. 2016).

Relevant to Defendant's knowledge of the Shadduck Patents, which expired in August 2020, and knowledge of the Demand Letter Patents before Plaintiff sent the demand letter, Plaintiff relies primarily on two assertions. First, it alleges that it listed eight of the twelve Asserted Patents on its website as early as June of 2017, and that its products were marked with the website. (FAC ¶ 41). Second, Plaintiff alleges that the companies were competitors in the industry and Defendant knew Plaintiff was an "industry leader." (*Id.* ¶¶ 39–40). Plaintiff also alleges that Defendant would have studied its patent portfolio after receiving the October 2020 letter, and that Defendant hired Plaintiff's former VP of Corporate Accounts in 2022, (*id.* ¶¶ 41–43), but these allegations do not support a finding of knowledge of the patents-in-suit *prior* to October 2020.

Defendant cites to many district court orders, and the Court has found additional orders, in which courts that have considered similar allegations have found them insufficient to demonstrate knowledge of the patent-in-suit. *See, e.g., Lippert Components Mfg., Inc. v. MOR/ryde, Inc.*, No. 3:16-CV-263 RLM-MGG, 2018 WL 345767, at *2 (N.D. Ind. Jan. 10, 2018) (finding that the maintenance of a list of patents on a website and alleging that parties are competitors who monitor each other's intellectual property was insufficient to allege knowledge of the patents-in-suit); *Nanosys, Inc. v. QD Vision, Inc.*, No. 16-cv-01957-YGR, 2016 WL 4943006, at *4 (N.D. Cal. Sept. 16, 2016) (finding that allegations that employees were aware of patent filings through industry activities were insufficient); *EON Corp. IP Holdings LLC v. FLO TV Inc.*, 802 F.Supp.2d 527, 533–34 (D. Del. 2011) (finding that the plaintiffs failed to plead actual knowledge when the allegations were premised on competition in the same industry and the existence of licensing agreements between the parties based on other patents).

In Response, Plaintiff cites to this Court's earlier decision in *Power Probe Grp., Inc. v. Innova Elecs. Corp.*, 670 F. Supp. 3d 1143 (D. Nev. 2023), and *SynQor, Inc. v. Artesyn Tech., Inc.*, No. 2:07-CV-497-TJW-CE, 2011 WL 3624957 (E.D. Tex. Aug. 17, 2011), *aff'd*, 709 F.3d 1365, 1380 (Fed. Cir. 2013).  But the facts of these cases are distinguishable from the facts at hand.  For example, the *Power Probe* defendant explicitly referred to the patent-in-suit in their U.S. Patent Application, which this Court found to demonstrate knowledge. 670 F. Supp. 3d at 1145, 1148.  And the testimony and documentary evidence presented to the *SynQor* jury included not only that its products were marked with patents, but also that there was a significant effort by the defendant to imitate plaintiff's product, and that competitors in the industry commonly "obtain each others' products and even perform physical 'tear downs' to examine and reverse engineer the products." *SynQor, Inc.*, 2011 WL 3624957, at *3.

In this case, Plaintiff's allegations that its products are marked with a website listing the patents, and that the two parties exist in a small and competitive industry, are not enough on their own to meet the plausibility standard. *See Arctic Cat II*, 950 F.3d at 866 (distinguishing as separate inquiries the patentee's obligation to mark patented products on one hand, and actual knowledge of the patent-in-suit on the other). Further, Plaintiff's allegation that "Defendant was familiar with Plaintiff and its aesthetic skin-resurfacing products" when it launched its own allegedly infringing products is conclusory and does not provide additional support. (*See* FAC ¶ 40).

Although these are factors that other courts have considered, those cases included specific facts indicating that the defendant had access to, or knowledge of, the products bearing the patent markings. *See, e.g., Weiland Sliding Doors & Windows, Inc. v. Panda Windows & Doors, LLC*, No. 10CV677 JLS MDD, 2012 WL 202664, at *4 (S.D. Cal. Jan. 23, 2012) (noting that patent markings in a small, competitive industry provided some evidence suggesting knowledge when the plaintiff also produced a letter it sent to the defendant describing the patents and offering the defendant a chance to license them); *Longhorn Vaccines & Diagnostics, LLC v. Spectrum Sols. LLC*, 564 F. Supp. 3d 1126, 1136 (D. Utah 2021) (finding that patent markings "provide little, if any, support for the claim that [the defendant] had pre-filing knowledge of the Asserted Patents," because the complaint did not contain facts about the defendant's familiarity with plaintiff's products apart from the implication that the parties were competitors). Unlike the allegations in those cases, the FAC's allegations lack specific facts indicating that Defendant knew of Plaintiff's products prior to the expiration of the Shadduck Patents or date of the demand letter, and thus the allegations fail to meet the plausibility standard.

The Court therefore GRANTS the Motion to Dismiss Plaintiff's willful and indirect infringement claims as applied to the Shadduck Patents and as to the Demand Letter Patents for

actions taken before the date of the letter, October 21, 2020. Because it is not clear that amendment would be futile, Plaintiff is given leave to amend the claims to assert additional facts relating to Defendant's knowledge of the patents before October 2020.

### 2. Indirect Infringement of the ʾ477 and ʾ287 Patents

Defendant also argues that Plaintiff's indirect infringement claims relating to the ʾ477 and ʾ287 Patents, which were not included in the demand letter but rather in the original Complaint and FAC, should be dismissed for indirect infringement occurring before the filing dates of the Complaint and FAC. (Mot. Dismiss 17:16–22). Plaintiff states in a footnote that it "alleges only that it provided actual notice of infringement of these patents no later than May 20, 2024, and July 12, 2024," when the Complaint and FAC were filed, and thus it "only seeks damages for infringement occurring on or after these dates for each respective patent." (Resp. 6:25–7:2 n.4). Thus, the Court DISMISSES Plaintiff's indirect infringement claims as related at the ʾ477 and ʾ287 Patents for actions occurring before the Complaint and FAC were filed.

### 3. Willful Infringement of the ʾ477 and ʾ287 Patents

The parties also dispute whether Plaintiff has stated a claim for willful infringement of the ʾ477 and ʾ287 Patents beginning after the commencement of the lawsuit. "District courts are split on whether the alleged inducer must have had knowledge of the patent prior to the filing of the original complaint." *SATA GmbH & Co. KG v. Qingdao Hanspray New Material Tech. Co.*, 696 F. Supp. 3d 954, 961 (D. Nev. 2023) (quoting *GoTV Streaming*, 2023 WL 2627016, at *2).

In support of its argument for dismissal of these claims, Defendant cites a district court case from the Central District of California, *Ravgen, Inc. v. Quest Diagnostics Inc.*, No. 2:21-CV-09011-RGK-GJS, 2022 WL 2047613, at *2 (C.D. Cal. Jan. 18, 2022). (Mot. Dismiss 14:4–13). The *Ravgen* court joined the courts that have held that "a claim of willful infringement, as pled in an original complaint, cannot be grounded in a prediction of defendant's post-suit

actions," because "[t]he purpose of a complaint is to obtain relief from an existing claim and not to create a claim." 2022 WL 2047613, at *3. "After all, a plaintiff cannot yet have a 'good faith basis for alleging willful . . . infringement based on post-suit conduct that has not yet occurred.'" *Id.* (quoting *Bush Seismic Techs. LLC v. Am. Gem Soc.*, 2016 WL 9115381, at *3 (E.D. Tex. Apr. 13, 2016)). This reasoning is based on Federal Rules of Civil Procedure 8 and 11, requiring a good faith basis for alleging a claim at the time the complaint is filed. *Id.* at *2. The *Ravgen* court also noted that it seemed "beyond the pale" to expect every defendant to "cease all allegedly infringing conduct once a complaint is filed," to avoid the enhanced damages associated with willful infringement. *Id.*; *see also ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 251 (D. Del. 2021) ("It seems to me neither wise nor consistent with principles of judicial economy to allow court dockets to serve as notice boards for future legal claims for indirect infringement and enhanced damages.")

Plaintiff alternatively cites *Infineon Techs. AG v. Volterra Semiconductor Corp.*, No. C-11-6239 MMC, 2012 WL 3939353, at *4 (N.D. Cal. Sept. 10, 2012), for its response that the Court should permit its willful infringement claim to be based on knowledge created by the filing of the complaint. (Resp. 13:20–21). But the *Infineon* court addressed the issue as applied to induced and contributory infringement, not willful infringement. *See Infineon Tech.*, 2012 WL 3939353, at *3–6. Plaintiff goes on to argue that Defendant's position defies existing law and common sense because (1) a defendant who maintains a good-faith belief that its acts are not infringing, after receiving the complaint, would ultimately be immune from liability for willful infringement; (2) Defendant is inconsistent in asserting that the filing of a complaint may constitute knowledge for indirect infringement but not willful infringement; and (3) an original complaint may form the basis of an infringer's knowledge for pleading willful infringement in an amended complaint. (Resp. 14:15–16:16).

After reviewing the cases provided and considering the parties' arguments, the Court finds the Defendant's position to be the strongest. The *Ravgen* court's reasoning is persuasive, as is the reasoning of the other cases it cites. Plaintiff did not cite a case holding otherwise, and the arguments in its Response brief do not convince the Court to adopt its stance. Although Plaintiff is correct that willful infringement requires actions that are "wanton, malicious, bad-faith, and deliberate," that does not change the fact that it is counterintuitive for a party to have a good faith basis for alleging willful infringement that hasn't yet occurred. And "ambushing defendants with willful infringement claims instead of typical cease-and-desist letters would effectively deny defendants the opportunity to meaningfully evaluate and potentially cease the allegedly infringing conduct in order to avoid liability for induced infringement or willful infringement." *GoTV Streaming*, 2023 WL 2627016, at *3. Therefore, Plaintiff's willful infringement claims for the ʾ477 and ʾ287 Patents are DISMISSED.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss, (ECF No. 22), is **GRANTED, in part, and DENIED, in part.** Plaintiff is given leave to amend its willful and indirect infringement claims relating to the Shadduck Patents and Demand Letter Patents. Plaintiff's claims for indirect infringement of the ʾ477 and ʾ287 Patents for actions occurring before the Complaint and FAC were filed, and for willful infringement of the ʾ477 and ʾ287 Patents, are dismissed without leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff may have 21 days from the date of this Order to file an amended complaint.

**DATED** this   28   day of February, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT