# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Hydrafacial LLC, formerly known as Edge Systems LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Medicreations LLC, a New York limited liability company,<br><br>Defendant. | Case No. 2:24-cv-00855-MMD-DJA<br><br>**Order** |

Before the Court is Plaintiff Hydrafacial LLC's motion for leave to file under seal an unredacted motion for preliminary injunction, and Defendant Medicreations LLC's motion for leave to file under seal portions of its response to the motion for preliminary injunction. (ECF Nos. 60, 78). Both parties make these motions to seal because exhibits attached to the underlying injunctive motion and response contain purportedly sensitive information. Both parties have publicly filed redacted versions of the preliminary injunction motion and response. Additionally, neither party has opposed the sealing of the underlying motion and response, constituting consent to the Court granting the sealing motions according to Local Rule 7-2(d). The Court finds that both parties have shown compelling reasons. The Court therefore grants in part and denies in part Plaintiff's motion, unsealing the motion itself because it contains no sensitive information, but leaving the attachments sealed. The Court also grants Defendant's motion to seal.

**I.      Legal standard.**

A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016). A party seeking to seal judicial records attached to motions more than tangentially

1  related to the merits of the case must meet the "compelling reasons" standard.  *See Kamakana*,
2  447 F.3d at 1183; *Ctr. for Auto Safety*, 809 F.3d at 1101.  For records attached to motions not
3  more than tangentially related to the merits of the case, the "good cause" standard applies.  *See*
4  *Ctr. for Auto Safety*, 809 F.3d 1095, 1101.  A preliminary injunction is more than tangentially
5  related to the merits of a case.  *See NetChoice, LLC v. Bonta*, 113 F.4th 1101, 1115 (9th Cir.
6  2024) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on
7  the merits…").  That a party has designated a document as confidential under a protective order
8  does not, standing alone, establish sufficient grounds to seal a filed document.  *See Foltz v. State*
9  *Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133, 1138 (9th Cir. 2003); *see also Beckman Indus.,*
10  *Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

11        There is "a strong presumption in favor of [public] access" to court proceedings as
12  accountability and public confidence in the justice system are of paramount concern.  *Geo-Logic*
13  *Assocs., Inc. v. Metal Recovery Sols.*, No. 3:20-cv-00180-MMD-WGC, 2020 WL 1469483, at *1
14  (D. Nev. Mar. 26, 2020) (quoting *Kamakana*, 447 F.3d at 1178).  "Courts have held that a
15  compelling reason to seal (or redact…) is when the document contains business information that
16  might harm a litigant's competitive standing[.]" *Id.* at *2.  "The Ninth Circuit has rejected efforts
17  to seal documents under the 'compelling reasons' standard based on 'conclusory statements about
18  the contents of the documents—that they are confidential and that, in general,' their disclosure
19  would be harmful to the movant." *Tdn Money Sys., Inc. v. Glob. Cash Access, Inc.*, No. 2:15-cv-
20  02197-JCM-NJK, 2016 WL 4708466, at *2 (D. Nev. Sep. 7, 2016) (quoting *Kamakana*, 447 F.3d
21  at 1182).

22      **II.**    **Discussion.**

23        Here, as a preliminary matter, the Court finds that the compelling reasons standard applies
24  to both motions to seal.  Plaintiff's underlying motion for preliminary injunction contains exhibits
25  with sales and financial information, design files with manufacturing and materials information,
26  and business practice information.  (ECF No. 60).  Plaintiff filed a redacted version of these
27  documents at ECF Nos. 54-59.  Defendant's underlying response to Plaintiff's motion for
28  preliminary injunction, and attachments to that response (unredacted versions of which are filed

at ECF Nos. 72-77), contain Defendant's specific financial data. Both parties have limited the redactions to specific financial, manufacturing, and business practice information. Plaintiff argues it would be harmed by disclosure as its competitors would gain insight into the manufacturing processes and risk assessments for the equipment which Plaintiff produces. Defendant argues that disclosure of its financial information would cause Defendant harm by allowing its competitors to gain insight into Defendant's financial condition.

The Court finds that both parties have sufficiently argued that disclosure of the redacted information would cause both parties competitive harm, and therefore show compelling reasons to seal. As Plaintiff did not file a public version of the motion for leave to file under seal, the Court will unseal the motion itself because it does not contain sensitive information, leaving the unredacted attachments sealed. The Court therefore grants in part and denies in part Plaintiff's motion for leave to file under seal. The Court also grants Defendant's motion for leave to file under seal.

**IT IS THEREFORE ORDERED** that Plaintiff Hydrafacial LLC's motion for leave to file under seal (ECF No. 60) is **granted in part** and **denied in part.** It is granted in part regarding Plaintiff's requests to seal the documents attached to its motion. It is denied in part to the extent Plaintiff seeks to seal the motion itself. The Clerk of Court is kindly directed to unseal ECF No. 60, but to leave the attachments (ECF Nos. 60-1, 60-2, 60-3, 60-4, and 60-5) sealed.

**IT IS FURTHER ORDERED** that Defendant Medicreations LLC's motion for leave to file under seal (ECF No. 78) is **granted.** The documents filed at ECF No. 79 shall remain under seal.

DATED: August 1, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE