UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HYDRAFACIAL LLC, formerly known as EDGE SYSTEMS LLC,<br><br>                     Plaintiff,<br>   v.<br>MEDICREATIONS, LLC,<br>                     Defendant. | Case No. 2:24-cv-00855-MMD-DJA<br><br>ORDER |

**I.**  **SUMMARY**

Plaintiff HydraFacial, LLC sued Defendant Medicreations, LLC for allegedly infringing patents related to its skincare system. (ECF No. 20 at 14-69.) Before the Court is Plaintiff's motion for preliminary injunction. (ECF No. 54 (unsealed), ECF No. 60 (sealed) ("Motion").)[1] The Court denies the Motion as Plaintiff's delay prevents the necessary finding of irreparable harm to entitle Plaintiff to the "extraordinary remedy" of preliminary injunctive relief.

**II.**  **RELEVANT BACKGROUND**

The Court incorporates the facts recited in the order addressing Defendant's motion to dismiss. (ECF No. 26 at 1-2.) As relevant to this Motion, Plaintiff alleges Defendant's MediSpa system infringes twelve patents ("Asserted Patents") related to their HydraFacial Systems product. (ECF No. 20 at 14-69.) The Motion seeks to enjoin all accused products for alleged infringement of the Asserted Patents, but Plaintiff addresses its arguments as to only claim 1 of the '052 Patent and claim 22 of the '287 Patent. (ECF No. 54 at 6, 10.) The United States Patent and Trademark Office ("USPTO") issued the

---

[1]Defendant responded (ECF No. 72) and Plaintiff replied (ECF No. 82.) The Court declined to consider the parties' supplementation. (ECF Nos. 90, 96.)  The Court held oral argument on September 26, 2025. (ECF No. 93.)

1  '052 Patent in January 2017. (ECF Nos. 20 at 3; 20-1 at 1-41.) The USPTO issued the
2  '287 Patent in January 2024. (ECF Nos. 20 at 5; 20-2 at 62-11.) Both the '052 and '287
3  Patents are set to expire in March 2026. (ECF Nos. 72 at 5; 74-4.)[2]

In October 2020, Plaintiff sent a cease-and-desist letter to Defendant alleging infringement of multiple patents, including the '052 Patent. (ECF No. 20 at 12.) In May 2024, Plaintiff filed suit, alleging twelve counts of infringement for each Asserted Patents (ECF No. 1). Defendant moved to dismiss seven of the counts entirely and five counts in part. (ECF No. 22 at 2.) In February 2025, the Court granted in part and denied in part Defendant's partial motion to dismiss. (ECF No. 26.) In May 2025, Plaintiff filed this Motion.

**III. DISCUSSION**

A preliminary injunction "is a matter of equitable discretion." *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22, 32 (2008)). It is an "extraordinary remedy" awarded only when the plaintiff makes a "clear showing" they are entitled to the relief. *Id.* A plaintiff seeking this relief must prove four prongs: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm; (3) that the balance of hardships favors the plaintiff; and (4) that the injunction is in the public interest. *See Winter,* 555 U.S. at 20. In the Ninth Circuit, an injunction may issue under a "sliding scale" approach if there are serious questions going to the merits and the balance of equities tips sharply in the plaintiff's favor. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011). The plaintiff, however, must still show a likelihood of irreparable harm and that an injunction is in the public interest. *See id.* at 1135. The Court finds Plaintiff fails to meet its high burden on the prong of irreparable harm.

A preliminary injunction serves to meet an "urgent need for speedy action to protect the plaintiff's rights." *Lydo Enterprises, Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213

---

[2] Plaintiff does not appear to dispute this estimated expiration date provided by Defendant. (ECF No. 82.)

(9th Cir. 1984) (quoting *Gillette Co. v. Ed Pinaud, Inc.*, 178 F.Supp. 618, 622 (S.D.N.Y.1959)). When a plaintiff "sleep[s] on [their] rights," this undermines the alleged need for speedy action. *Id.*; *see also Oakland Tribune, Inc. v. Chronicle Publishing Co*, 762 F.2d 1374, 1377 (9th Cir. 1985) (finding a "long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm"). This delay may "weigh determinatively against a finding of irreparable harm." *Reno-Sparks Indian Colony v. Haaland*, 663 F. Supp. 3d 1188, 1202 (D. Nev. 2023), appeal dismissed, No. 23-15780, 2024 WL 2317688 (9th Cir. Jan. 4, 2024) (finding a delay of a year and half between a cease-and-desist letter and filing suit and a two-week post-filing delay in bringing a motion for preliminary injunction prevented finding irreparable harm*); see also Russell Rd. Food & Bev., LLC v. Spencer*, No. 2:12-CV-01514, 2013 WL 321666, at *4 (D. Nev. Jan. 28, 2013) ("A long delay between discovery of infringement and the preliminary injunction motion may undercut the sense of urgency associated with irreparable injury…. 'Long' is somewhere between three months and one year….") (citations omitted).

Here, Plaintiff was aware of the alleged infringement of multiple patents, including the '052 Patent at issue in this Motion, by October 2020 at the very latest, since this is when Plaintiff sent a cease-and-desist letter to Defendant.[3] (ECF No. 20-2 at 57-60.) Plaintiff did not file this lawsuit until May 2024, approximately three and a half years later. (ECF No. 1.) Moreover, Plaintiff further delayed another full year in bringing this Motion. (ECF No. 54.)

Plaintiff claims the pre-filing delay is "irrelevant" because it did not obtain one of the allegedly infringing MediSpa systems until May 2024 for disassembly and

---

[3]The '287 Patent was not issued until January 2024. (ECF Nos. 20 at 5; 20-2 at 62-11.) But Plaintiff does not argue the alleged irreparable harm is patent-specific but rather that the harm of lost reputation and customers pertains to general patent infringement of the HydraFacial systems. (ECF No. 72 at 6.) The only time Plaintiff identifies specific patents in its discussion of irreparable harm is to group the '052 and '287 Patents together as jointly "cover[ing] the primary functionality (hydrodermabrasion) of the HydraFacial Systems." (ECF No. 54 at 26.) Therefore, the Court relies on this letter for the purposes of assessing delay. But even if Plaintiff argued harm unique to the '287 Patent (which it does not), Plaintiff still waited fourteen months between issuance of that patent and seeking this extraordinary relief. (ECF No. 72 at 6.)

examination. (ECF No. 82 at 15.) The Court is not persuaded by this explanation. First, Plaintiff seems to imply Defendant intentionally obstructed Plaintiff but provides no evidence of this beyond HydraFacial's failure to obtain the system and Defendant's general discretion in selling its products. (ECF Nos. 82 at 15; 57-15 at 5-6.). Moreover, Plaintiff relies solely on an affidavit from its Vice President which does not evidence personal knowledge of these facts. (ECF 57-15 at 5-6). Second, as Defendant notes, the device has been continuously available for purchase since February 2019. (ECF No. 72 at 6 n.2.). Lastly, Plaintiff was apparently able to determine Defendant was infringing as early as October 2020 without physical access to a MediSpa system for disassembly. (Id.). Of course, as Plaintiff identifies, "[p]reliminary injunctions require more than plausible allegations or assertions in a cease-and-desist letter; they require evidence." (ECF No. 82 at 15.) But in that case, Plaintiff could have requested expedited proceedings and sought this evidence through the Court. Overall, this claimed reason for Plaintiff's pre-filing delay is insufficient to overcome the substantial delay in seeking this extraordinary relief.

As for the post-filing delay, Plaintiff argues the one-year post-filing delay in bringing this Motion was necessary to litigate the pleadings in this case. (ECF No. 82 at 15.) Plaintiff cites to two cases where courts found plaintiffs' delay due to ongoing litigation was justifiable and did not prevent a finding of irreparable harm. The Court finds those cases distinguishable.

First, Plaintiff cites to *Hybritech Inc. v. Abbott Lab'ys*, 849 F.2d 1446 (Fed. Cir. 1988). But this case is distinguishable because there the plaintiff was awaiting resolution of litigation against a third party. (ECF No. 82 at 15.) Additionally, the district court in that case found the plaintiff established good cause to seek relief against that third party first. *See Hybritech,* 849 F.2d at 1457. The mere availability of this argument is not sufficient. *See Reno-Sparks Indian Colony v. Haaland*, 663 F. Supp. 3d 1188, 1202 (D. Nev. 2023), appeal dismissed, No. 23-15780, 2024 WL 2317688 (9th Cir. Jan. 4, 2024) (rejecting the plaintiffs' argument that they reasonably delayed filing for preliminary injunction while

awaiting resolution of litigation). Here, Plaintiff provides no evidence to support the conclusion it had good cause to wait until resolution of Defendant's motion to dismiss before bringing this Motion. Importantly, Defendant's motion to dismiss only sought partial dismissal. (ECF No. 22.) Even if Defendant had been entirely successful, Plaintiff's claims still would have proceeded, particularly Count I alleging infringement of the '052 Patent at issue in this Motion. (*Id.* at 13, 17.) Accordingly, the reasoning in *Hybritech* does not justify Plaintiff's delay.

Second, Plaintiff cites to *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, No. 14-CV-02061-H-BGS, 2018 WL 9903323 (S.D. Cal. Aug. 13, 2018), *aff'd*, 784 F. App'x 786 (Fed. Cir. 2019). Notably, the plaintiff there sought a permanent rather than a preliminary injunction. *Id.* at *6 n.7 Moreover, that plaintiff waited to bring suit until its *own* motion for other relief was denied in earlier litigation. *Id.* at *6. Here, Plaintiff waited until *Defendant's* motion to dismiss was litigated before it sought preliminary relief. (ECF No. 82 at 16 (citing Defendant's answer filed upon resolution of Defendant's motion to dismiss).) If Plaintiff was truly experiencing irreparable harm in that time, it would not be "reasonable" to wait and see if the Court would grant Defendant's motion to dismiss. *Presidio*, 2018 WL 9903323, at *6 n.7.

Plaintiff briefly argues that the litigation against other infringers strained its resources and justifiably delayed this Motion, citing *to Rosen Entm't Sys, LP v. Icon Enters, Inc.*, 359 F. Supp. 2d 902 C.D. Cal. 2005). (ECF No. 72 at 15.) In *Rosen*, the district court summarily concluded that the plaintiffs' delay in filing was excused due to litigation against five other infringers. *See* 359 F. Supp. at 910. The court there cited to two cases to support this conclusion: *Polymer Techs., Inc. v. Bridwell*, 103 F.3d 970, 975 (Fed.Cir.1996) and *Hybritech*, 849 F.2d at 1457. But in *Polymer*, the plaintiff did *not* sue other infringers, and the court reasoned this fact may be relevant to analyzing irreparable harm "when it indicates unreasonable delay in bringing suit…." F.3d at 976. The *Polymer* court concluded that the plaintiff only waited four months between discovery of infringing activities and seeking a preliminary injunction which did not constitute delay preventing a

finding of irreparable harm. *Id.* In *Hybritech*, the court concluded that the plaintiff had "good cause for seeking relief against" another infringer "first, given its particular situation and financial resources." *Hybritech*, 849 at 1457. Plaintiff provides no such evidence here.[4] To the extent that strain on resources might be relevant, this is better addressed in the fourth *Winter* prong of balancing hardships. *See* 555 U.S. at 20. But irreparable harm must still be established to obtain this extraordinary remedy. *Cottrell*, 632 F.3d at 1135.

The Court notes that reasonable delay in seeking relief does not undermine a finding of irreparable harm. *See id.* at *6 n.7; *Hybritech,* 849 at 1457. For example, a plaintiff that demonstrates "ongoing, worsening injury" where the harm was "enacted over a period of time and having a cumulative impact" and "the magnitude of the potential harm becomes apparent gradually" may evidence "prudent delay" in seeking relief. *See Arc of California v. Douglas*, 757 F.3d 975, 990-91 (9th Cir. 2014). But Plaintiff here does not make any such showing. If Plaintiff had not delayed nearly four and a half years in seeking this relief it "might have avoided" the long-term loss of customers who allegedly will not return to HydraFacial or purchase new equipment for up to a decade. *Lydo Enters., Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984); (ECF No. 54 at 26). At this point, any irreparable harm has already made its impact and "really what is at stake from a harm perspective here is a marginal increase—perhaps by a large margin—" of harm "that already exist[s]." *RISC v. Haaland*, 663 F. Supp. 3d at 1188.

The Court's ruling ultimately rests on Plaintiff's unreasonable pre-filing and post-filing delay preventing a finding of irreparable harm.[5] Accordingly, the Court finds it

---

[4]Moreover, Defendant points out that Plaintiff's own evidence confirms it "had ample resources to fund multiple lawsuits simultaneously – and did so." (ECF No. 72 at 6 n.4 (citing ECF No. 57-15 at 3-4, 6).)

[5]The Court's ruling is not on the basis of laches. (ECF Nos. 54 at 23-24; 72 at 22-24; 82 at 9-10.) The Court may address this defense on the merits, but here the Court merely finds Plaintiff's delay prevents finding the necessary element of irreparable harm to obtain a preliminary injunction.

unnecessary to address Defendant's argument that Plaintiff fails to offer evidence to support irreparable harm to its reputation and harm in lost customers. (ECF No. 54 at 25.)

In sum, the Court agrees with Defendant that the significant delay pre-filing and the year's delay post-filing does not allow the Court to find the claimed harm to be imminent and irreparable to satisfy the second *Winter* prong. Accordingly, the Court declines to exercise its discretion to grant the extraordinary remedy of the broad preliminary injunctive relief requested in the Motion.

## IV.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Plaintiff's Motion (ECF No. 54) is denied.

DATED THIS 2nd Day of October 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE